[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION IN LIMINE
Defendant by Motion in Limine seeks to prevent plaintiff's introduction at trial of expert witnesses identified by plaintiff in its disclosure of January 11, 1991, just prior to the commencement of jury selection.
The plaintiff's disclosure is untimely pursuant to Practice CT Page 986 Book Section 220(D).
The plaintiff's experts are three treating physicians, a treating nurse and the police officer who investigated plaintiff's motor vehicle collision.
The identities and reports of these persons have been provided defendant through the course of discovery. Their factual testimony as to their treatment and observations is clearly admissible even in the absence of Section 220(D) disclosure.
The treating physicians opinion as to disability, prognosis and future medical requirements shall also be admitted at trial. There would be no prejudice to defendant as they have had the reports available and certainly would anticipate its proffer at trial. The police officer's expert opinion as to the cause of the accident could prejudice the defendant and/or result in the delay of trial. The defendant should not have to determine on the eve of trial, the necessity of an accident reconstruction expert.
The defendant also objects to testimony which may be forthcoming from Dr. Chiapetta as to plaintiff's level of intoxication at the time of accident, prior to the accident and after the accident. Such evidence is expert opinion and shall be precluded because of a failure to timely file a Section 220(D) disclosure. Dr. Chiapetta should be allowed to testify as to any observed level of intoxication; but not the extrapolation as to intoxication level at the time of the accident.
The Motion to Limine is granted only as to the limited portions of Dr. Chiapetta and Officer Donahue's testimony described above.
McWEENY, J.